1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DOROTHY DANIELS,                          CASE NO. CV F 08-0208 LJO TAG

12                    Plaintiff,                **ORDER ON APPLICATION FOR**
                                                **INJUNCTIVE RELIEF**
13             vs.                              (Doc. 3.)

14    SUPERIOR COURT OF CALIFORNIA,
      et al.,
15
                    Defendants.
16    _____/

17                              **INTRODUCTION**

18         On February 11, 2008, pro se plaintiff Dorothy Daniels ("Ms. Daniels") filed a document entitled

19    "Notice of Petition and Verified Petition for Warrant of Removal by Three-Judge Panel; Wrongful

20    Foreclosure, Conversion, Complaint to Quiet Title to Real Property Injunctive Relief 42 U.S.C. § 1983."

21    This Court construes the document as a complaint to address foreclosure of Ms. Daniels' home and will

22    refer to the document as a complaint.  The complaint appears to take issue with financial institutions

23    which have held a promissory note(s) for debt or a mortgage on Ms. Daniel's home.  The complaint

24    appears to seek transfer of Ms. Daniels' home to her after foreclosure.

25         On February 11, 2008, Ms. Daniels also filed a document entitled "Order to Show Cause for

26    Preliminary Injunction and Temporary Restraining Order."  The first heading in the document's body

27    reads: "PLAINTIFF APPLICATION FOR A PRELIMINARY INJUNCTION AND TEMPORARY

28    RESTRAINING ORDER."  This Court construes the document to seek to seek to enjoin the Kern

                                        1

1  County Superior Court to proceed in an unlawful detainer action against Ms. Daniels.  For the reasons

2  discussed below, this Court DENIES Ms. Daniels injunctive relief.

**DISCUSSION**

***Younger* Abstention**

5      The abstention doctrine under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971), precludes

6  Ms. Daniels' requested injunctive relief.  *Younger* abstention is proper where (1) there are ongoing state

7  judicial proceedings, (2) that implicate important state interests, and (3) there is an adequate opportunity

8  in the state proceedings to raise federal questions.  *Middlesex County Ethics Comm. v. Garden State Bar*

9  *Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521 (1982); *Confederated Salish v. Simonich*, 29 F.3d 1398,

10  1405 (9th Cir. 1994).  The "policy objective behind *Younger* abstention is to avoid unnecessary conflict

11  between state and federal governments." *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001).

12  *Younger* permits "state courts to try state cases free from interference by federal courts," particularly

13  where the party to the federal case may fully litigate his claim before the state court.  *Hicks v. Miranda*,

14  422 U.S. 332, 349, 95 S.Ct. 2281 (1975) (quoting *Younger*, 401 U.S. at 43, 91 S.Ct. 746).  *Younger*

15  "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and

16  federal, to the state courts."  *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689 (1973); *Beltran v.*

17  *State of California*, 871 F.2d 777, 782 (9th Cir. 1988).  "*Younger* generally directs federal courts to

18  abstain from granting injunctive or declaratory relief that would interfere with pending state judicial

19  proceedings." *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997), *overruled on other*

20  *grounds*, *Green*, 255 F.3d 1086.

21      Ms. Daniels' requested injunctive relief would interfere with underlying state court proceedings.

22  *Younger* directs this Court to abstain from doing so.  The state court proceedings provide Ms. Daniels

23  an adequate opportunity to address issues raised in her papers seeking injunctive relief.  This Court is

24  not in a position to interject into ongoing state court proceedings.

**Injunction Merits**

26      As to the merits, Ms. Daniels fails to demonstrate that she is entitled to injunctive relief.  The

27  purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily

28  favors the moving party that justice requires the court to intervene to secure the positions until the merits

2

1   of the action are ultimately determined.  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

2   A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of

3   probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the

4   balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F. 2d 935, 937 (9th

5   Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable

6   injury." *Arcamuzi*, 819 F.2d at 937.  Also, an injunction should not issue if the plaintiff "shows no

7   chance of success on the merits." *Arcamuzi*, 819 F.2d at 937.  At a bare minimum, the plaintiff "must

8   demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

9   *Arcamuzi*, 819 F.2d at 937.

10       When a government agency is involved, it must "be granted 'the widest latitude in the dispatch

11  of its own internal affairs,'" *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v.*

12  *Goode*, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these

13  considerations are, if anything, strengthened because of federalism concerns," *Gomez*, 255 F.3d at 1128.

14  "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course

15  of proceeding.'" *Gomez*, 255 F.3d at 1128 (quoting  *O'Shea v. Littleton*, 414 U.S. 488, 501, 94 S.Ct.

16  669, 679 (1974)).

17       Ms. Daniels fails to demonstrate probable success on her claims or significant threat of

18  irreparable injury, especially given that the underlying state proceedings apparently continue.  Ms.

19  Daniels makes no attempt to demonstrate even a fair chance of success on the merits or the existence

20  of serious questions to require litigation.  Ms. Daniels relies on an impertinent order from another federal

21  district court and merely recites the order.

22       Furthermore, equitable remedies are "unavailable absent a showing of irreparable injury, a

23  requirement that cannot be met where there is no showing of any real or immediate threat that the

24  plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" *City of*

25  *Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670 (1983) (quoting *O'Shea*, 414 U.S. at 502,

26  94 S.Ct. at 679).  In this instance, Ms. Daniels alleges no identifiable, potentially repeatable wrongs,

27  especially if the foreclosure is completed.  If Ms. Daniels prevails, her injury will not go unrecompensed

28  because she has an adequate remedy at law.  *Lyons*, 461 U.S. at 111, 103 S.Ct. at 1670.  Ms. Daniels is

1  not entitled to equitable relief because there is no allegation that she will be wronged again.

2  **CONCLUSION**

3      For the reasons discussed above, this Court DENIES Ms. Daniels injunctive relief, including a

4  temporary restraining order or preliminary injunction.

5      IT IS SO ORDERED.

6  **Dated:**   **February 13, 2008**               **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28