1

2

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9  DOROTHY DANIELS,                    Case No. 08-cv-0208 LJO TAG

10         Plaintiff,                  FINDINGS AND RECOMMENDATIONS TO
                                       DISMISS COMPLAINT AND TO DENY
11         vs.                         PETITION FOR REMOVAL
                                       (Doc. 1)
12 SUPERIOR COURT OF CALIFORNIA,
   COUNTY OF KERN, et. al.,
13                                     OBJECTIONS DUE IN 15 DAYS
           Defendant.
14 _____/

15          On February 11, 2008, Dorothy Daniels ("Daniels"), a non-prisoner proceeding pro se, filed a

16 document entitled "Notice of Petition and Verified Petition for Warrant of Removal by Three-Judge

17 Panel; Wrongful Foreclosure, Conversion, Complaint to Quiet Title to Real Property Injunctive

18 Relief 42 U.S.C. § 1983."  (Doc. 1).  The Court construes the document as a complaint.  This matter

19 has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302.

20          A federal court may dismiss sua sponte if jurisdiction is lacking.  Fiedler v. Clark, 714 F.2d

21 77, 78 (9th Cir. 1993)(citing Mansfield, Coldwater & Lake Mich. Railway Co. v. Swain, 111 U.S.

22 379, 383 (1884); Franklin v. Oregon State Welfare Div., 662 F. 2d 1337, 1342 (9th Cir. 1981).   The

23 trial court may also dismiss a claim sua sponte for failure to state a claim pursuant to Federal Rule of

24 Civil Procedure 12(b)(6).  Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987)(citing

25 Wong v. Bell, 642 F.2d 359, 361-362 (9th Cir. 1981); McNamara v. Jones, 2007 WL 4358278, Case

26 NO. 05-35972 (9th Cir. Dec. 10, 2007).  The Court has screened Daniels' complaint for adequacy,

27 and issues these Findings and Recommendations thereon.

28                                        1

1 1. <u>The pleadings</u>

2     Daniels' complaint seeks monetary damages and declaratory and injunctive relief related to

3 foreclosure proceedings and a related unlawful detainer action brought by defendants, Argent

4 Mortgages Services ("Argent"), AMC Mortgage Services ("AMC"), and Citi-Residential Lending,

5 Inc. ("Citi-Residential").  It also names the Superior Court of California, County of Kern ("Superior

6 Court"), Deutshce (sic) Bank ("Deutsche Bank"), and Does 1-XX as defendants. (Doc. 1, pp. 1-9).

7 Attached to the complaint is a document entitled "Petition for Removal," requesting removal of an

8 unlawful detainer action pending against Daniels in the Superior Court to the United States District

9 Court for the Central District of California.  (Doc. 1, pp. 10-11).[1]  The petition for removal alleges

10 that removal is proper under 28 U.S.C. § 1441(a) because there is diversity jurisdiction and original

11 jurisdiction.  (<u>Id.</u> at 10).

12 A.  <u>The complaint</u>

13     The complaint alleges claims for recovery of possession of real property, conversion,

14 wrongful foreclosure, and quiet title.  In the first claim, Daniels alleges that she owns or is entitled to

15 possession of real property in Bakersfield, California. (Doc. 1, p. 4, lines 2-5).  She alleges that the

16 "Defendant" has no legal or equitable interest in the property, and seeks a declaration that title is

17 vested exclusively in her.  (Doc. 1, p. 4, lines 9-23 ).   In the second claim, Daniels alleges that on

18 September 1, 2007, Defendants served a notice of trustee's sale, and Defendant AMC began

19 foreclosure proceedings after failing to provide an accurate accounting of her home loan. (Doc. 1, p.

20 5, lines 10-19).  Daniels alleges that Defendants AMC, Argent, and Citi-Residential do not own the

21 mortgage on her residence, and thus they were not entitled to foreclose against it. (Doc. 1, p. 5, lines

22 22-27).  She alleges that on or about November 7, 2007, the Defendants  entered into an agreement

23 to convert her property to themselves.  (Doc. 1, p. 5, lines 27-28).

24     Daniels' third claim alleges that on November 7, 2007, Defendants foreclosed on her

25 residence "in violation of Federal law." (Doc. 1, p. 6, lines 10-12).  She alleges that at the time of the

26

27     [1] The case name and number of the Superior Court action is <u>Citi Residential v. Dorothy
Daniels</u>, Kern County Superior Court case number S-1500-CL-221591.

28                                                                2

1    foreclosure, Defendants did not have the legal right to foreclose because they were only mortgage

2    servicing companies and did not own the mortgage on her residence. (Doc. 1, p. 6, lines 16-21).

3    Daniels alleges that Defendants commenced an unlawful detainer action against her in the Superior

4    Court, and that the Superior Court lacked jurisdiction to consider the action because Defendants

5    lacked the capacity to foreclose. (Doc. 1, p. 7, lines 1-12). Daniels' fourth claim is for quiet title. In

6    that claim, she alleges that on or about November 7, 2007, Defendants wrongfully foreclosed against

7    her residence, and are "now in the process of obtaining a Court order" from the Superior Court to

8    evict her from her home. (Doc. 1, p. 7, lines 24-28). Daniels seeks an order compelling Defendants

9    to transfer legal title and possession of the property to her, a declaration that she is the rightful

10   owner, and a judgment enjoining Defendants from claiming any interest in the property. (Doc. 1,

11   p. 9, lines 4-14).

12        (1) Screening the complaint

13        When considering the adequacy of a complaint under Rule 12(b)(6) standards, all allegations

14   of material fact alleged in the complaint are taken as true and construed in favor of the plaintiff.

15   Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996). Moreover, the court's

16   review generally is limited to the contents of the pleading. However, the court may also consider

17   certain other matters, such as documents attached to the complaint, documents incorporated by

18   reference in the complaint, or matters of judicial notice. United States v. Ritchie, 342 F.3d 903,

19   907-908 (9th Cir. 2003)(discussing motions to dismiss).

20        A complaint may be dismissed for failure to state a claim if it is clear that the plaintiff can

21   prove no set of facts in support of his claim that would entitle him to relief. Hishon v. King &

22   Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984) (citation omitted); Palmer v. Roosevelt Lake Log

23   Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). "When a federal court reviews the sufficiency

24   of a complaint, before the reception of any evidence either by affidavit or admissions, its task is

25   necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the

26   claimant is entitled to offer evidence to support claims." Scheurer v. Rhodes, 416 U.S. 232, 236,

27   94 S.Ct. 1683 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012

28                                             3

1   (1984); <u>Gilligan v. Jamco Development Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1997).

2       If the Court determines that the complaint fails to state a claim and dismisses the complaint,

3   it must also decide whether to grant leave to amend the complaint.  Leave to amend should be

4   granted unless it is obvious that the deficiencies of the complaint cannot be cured by amendment and

5   an opportunity to amend would be futile.  <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir.

6   1995)(citations omitted).  Pro se pleadings may be construed liberally.  <u>See</u> <u>Balistreri v. Pacifica</u>

7   <u>Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

8       (2) <u>The complaint fails to allege grounds for federal question jurisdiction</u>

9       Federal courts have limited jurisdiction.  "They possess only that power authorized by

10  Constitution and by statute."  <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377,

11  114 S. Ct. 1673 (1994).   A complaint must contain a short and plain statement of the grounds for

12  the district court's jurisdiction.  Fed. R.Civ.P. 8(a)(1).  Accordingly, this Court's Local Rules also

13  provide:

14      When an affirmative allegation of jurisdiction is required pursuant to Fed.R.Civ.P.
        8(a)(1), it (i) shall appear as the first allegation of any complaint ... (ii) shall be styled
15      "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal
        jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim."
16
    Local Rule 8-204.
17
        Here, Daniels' complaint alleges that jurisdiction exists because at least one of the defendants
18
    is a "Bank," to wit:
19
            "The Federal District Court has jurisdiction because, For the purpose of any
20      action which may be brought within the United States . . . by or against the Bank in
        accordance with the agreement, the Bank shall be deemed to be an inhabitant of the
21      Federal judicial district in which its principal office in the United States is located,
        and any such action at law or in equity to which the Bank shall be a party shall be
22      deemed to arise under the laws of the United States, and the district courts of the
        United States shall have original jurisdiction of any such action.  When the Bank is a
23      defendant in any such action, it may, at any time before the trial thereof, remove such
        action from a State court into the district court of the United States for the proper
24      district by following the procedure for removal of causes otherwise provided by law."

25  (Doc. 1, p. 2, lines 12-28; p. 3, lines 1-2).

26      The complaint fails to state a legitimate ground for federal jurisdiction, and cites no statute or

27  other basis for jurisdiction.  Instead, Daniels has paraphrased the language of 22 U.S.C. § 282f,

28                                              4

replaced the statute's use of the term "Corporation" with the word "Bank, and deleted the statute's

use of the words "Articles of."   Title 22 is part of a comprehensive statutory scheme related to

foreign affairs and commerce, and an international organization of which the United States is a

member.  See 22 U.S.C. § 282a-282j.   The term "Corporation" as used in the §282f refers to the

"International Finance Corporation ... provided for by the Articles of Agreement of the Corporation

deposited in the archives of the International Bank for Reconstruction and Development."  22 U.S.C.

§ 282.  Daniels' substitution of statutory terms is misguided, to say the least, and her reliance on 22

U.S.C.§ 282f to provide subject matter jurisdiction in this case is meritless. See Hicks v. Superior

Court of California, 2008 WL 489894, *1, fn 1 (E.D. Cal. Feb. 29, 2008).

(3) The complaint fails to allege grounds for jurisdiction under 42 U.S.C. § 1983

The caption of the complaint also references 42 U.S.C. § 1983.  To the extent that the

reference to § 1983 is intended to assert a civil rights claim, the Court will address the complaint as a

civil rights action.

The Civil Rights Act is codified at 42 U.S.C. § 1983.  It provides in part as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or
usage, of any State or Territory or the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or other person with the jurisdiction thereof
to the deprivation of any rights, privileges, or immunities secured by the Constitution
and laws, shall be liable to the party injured in an action at law, suit in equity, or other
proper proceeding to redress."

42 U.S.C. § 1983.

To state a § 1983 claim, a plaintiff must plead that (1) a person acting under color of state law

committed the conduct at issue; and (2) the conduct deprived the plaintiff of some right,  privilege,

or immunity secured by the Constitution or law of the United States.  42 U.S.C. § 1983; Gibson v.

United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  Here, Defendants Argent, AMC, and Citi-

Residential are private entities.  The complaint does not allege that any of them were acting under

color of state law and there are no facts alleged to support that legal conclusion.  Moreover, the

complaint makes no allegation of wrongdoing against defendant Deutsche Bank, and the only

allegation regarding defendant Superior Court is that it lacked jurisdiction to consider the unlawful

5

1   detainer action.  Accordingly, Daniels has failed to state a § 1983 claim against Defendants Argent,

2   AMC, Citi-Residential, or Deutsche Bank, and there is no basis for § 1983 subject matter jurisdiction

3   over any of these defendants.  Moreover, for the reasons discussed in paragraph 1(A)(5), infra, the

4   Superior Court is entitled to Eleventh Amendment immunity.

5              (4)  The complaint fails to allege grounds diversity jurisdiction

6              The diversity jurisdiction statute provides in relevant part that a federal court has jurisdiction

7   over an action involving citizens of different States and the amount in controversy exceeds

8   $75,000.00.  28 U.S.C. § 1332.  Diversity jurisdiction is based on citizenship, not residency.  To be a

9   citizen of a State for diversity purposes, a natural person must be both a citizen of the United States

10  and domiciled within that State.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir.

11  1983).  A corporation is a citizen of any State by which it has been incorporated and of the State

12  where it has its principal place of business.  28 U.S.C. § 1332(c). The party seeking to invoke the

13  federal court's jurisdiction bears the burden of establishing that jurisdiction exists.  Gaus v. Miles,

14  Inc.,980 F.2d 564, 566 (9th Cir. 1992).

15             The diversity statute requires that *all* parties to the action be either citizens of different States,

16  or citizens or subjects of a foreign State.  28 U.S.C. § 1332(a).  Here, the complaint names the

17  Superior Court as a defendant. (Doc. 1, p. 1).  California superior and appellate courts are branches

18  of the State of California.  See Cal. Const. Art. VI.  Because the Superior Court is a defendant, not

19  all parties to the action are citizens nor citizens of different States.  Morever, the complaint fails to

20  allege the citizenship of *any* of the remaining defendants.[2]  Accordingly, the complaint fails to

21  establish that  diversity jurisdiction exists.

22             (5)  Defendant Superior Court has Eleventh Amendment Immunity

23             The fact that the complaint names the Superior Court as a defendant also raises the bar of

24

25             [2] The complaint alleges that Defendant AMC is a foreign corporation "based either in the
    State of Maryland" but does not allege its citizenship. (Doc. 1, p. 2, lines 4-7).  The complaint also
26  alleges that Defendants Argent and Citi-Residential are foreign corporations, but similarly does not
    allege the citizenship of either entity.  (Doc. 1, p. 2, lines 9-20).  The complaint contains no
27  allegations regarding the citizenship of Defendant Deutchce (sic) Bank.

28                                            6

immunity under the Eleventh Amendment to the United States Constitution. U.S. Const. amend. XI. The Eleventh Amendment bars a citizen from filing an action against a State in federal court, including actions filed by a citizen against his own State. Micomonaco v. State of Washington, 45 F.3d 316, 319 (9th Cir. 1995).[3]   A California Superior Court is State agency, and an action against a California Superior Court is an action against the State of California. Greater L.A. Council on Deafness, Inc. V. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).  Accordingly, the Superior Court is entitled to immunity under the Eleventh Amendment and the claims against it are barred.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)(holding that Eleventh Amendment bars suit against the state superior court).

(6) The complaint should be dismissed under the Younger abstention doctrine

In Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971), the Supreme Court promulgated the doctrine that federal courts should not enjoin pending state court criminal prosecutions without a showing of the State's bad faith or harassment, or a showing that the statute is "flagrantly and patently violative of express constitutional prohibitions." Id. at 53-54.  "Under Younger and its progeny, federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism."  Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson, 48 F. 3d 391, 394 (9th Cir. 1995).  401 U.S. 37, 43-44, 91 S. Ct. 746 (1971).[4]  Younger abstention is proper where (1) there are ongoing state court proceedings, that (2) implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[4] The Superior Court's docket sheet reflects that no final judgment has been issued as of the date of this ruling.  If the Superior Court action were to result in a final judgment,  Daniels would also be barred from seeking review of the judgment in federal district court under the Rooker-Feldman doctrine. Under this doctrine, "[t]he United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986); see Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).

1   <u>Association</u>, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982).  Where the state court proceeding is a civil

2   action, "civil <u>Younger</u> abstention has been upheld only where a party seeks to invoke federal

3   jurisdiction for the purpose of 'restraining state proceedings or invalidating a state law.'"

4   <u>Confederated Salish v. Simonich</u>, 29 F.3d 1398, 1405-1406 (9th Cir. 1994).

5       The Court takes judicial notice of the Superior Court's docket in <u>Citi Residential Lending v.</u>

6   <u>Dorothy Daniels</u>, case number S-1500-CL-221591.[5]    The complaint for unlawful detainer was filed

7   on December 6, 2007.  On December 21, 2007, Daniels paid her first appearance fee as a defendant

8   in the action.  On December 27, 2007, the Superior Court returned her denial to her, for lack of a

9   proof of service.  On December 31, 2007, Daniels filed a general denial. The trial on the unlawful

10  detainer was held on February 7, 2008, at which Daniels appeared <u>in pro per</u>.  The trial docket entry

11  states:

12
13      "JUDGMENT FOR PLAINTIFF AGAINST DEFENDANT.
        FOR POSSESSION AND COSTS OF SUIT ONLY.
        COUNSEL FOR PLAINTIFF TO PREPARE JUDGMENT FOR SIGNATURE."
14

15      Here, it is apparent that Daniels seeks injunctive relief to restrain an on-going unlawful

16  detainer action in the Superior Court after the court ruled against her in a court trial.  Daniels asks the

    federal court to issue an order declaring that she is entitled to possession, and returning the property
17
    to her, after the Superior Court ruled that she is not entitled to possession.  Daniels asserts no federal
18
    or constitutional claims in the complaint.  Instead, she alleges that the foreclosure and unlawful
19
    detainer proceedings were unlawful because Defendants did not hold the mortgage on her property.
20
    In accordance with the abstention doctrine under <u>Younger</u>, this Court should abstain from
21
    intervening in or circumventing the on-going Superior Court proceedings.  <u>Younger</u>, 401 U.S. at 43.
22
        (7) <u>The complaint fails to allege grounds for a three judge court</u>
23
        Daniels' complaint is entitled "Verified Petition for Warrant of Removal by Three-Judge
24
    Panel."  However, the complaint cites no authority for a three judge court.  The use of a three judge
25

26      [5] The Court may take judicial notice of matters of public record, including court records
    available to the public through the PACER system and via the internet. <u>See</u> Fed. R.Evid.Rule 201;
27  <u>United States v. Howard</u>, 381 F. 3d 873, fn. 1 (9th Cir. 2004).

28                                          8

court is contemplated by 28 U. S.C. 2284(a), which provides that "[a] district court of three judges shall be convened when otherwise required by an Act of Congress, or when an action is filed challenging the constitutionality or the apportionment of congressional districts or the apportionment of any statewide legislative body."   The complaint alleges no facts to support the conclusion that a three-judge panel is required in this action.

B. The petition for removal

In the absence of a statutory exception, a state court action may be removed to federal court only if the federal court would have had jurisdiction over it as originally brought by the plaintiff. 28 U.S.C. § 1441; Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).  To remove a state court action, the defendant must, within 30 days of the date of receipt of the initial state court pleadings, file in the district court a notice of removal that "contain[s] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446 (a) and (b).

(1)  The petition fails to comply with the removal statute

Daniels failed to comply with 28 U.S.C. § 1446 (a) and (b).  She failed to file a notice of removal that contained a "short and plain statement of the grounds for removal."  Instead, she attached a petition for removal to her own complaint seeking affirmative relief.  (Doc. 1, pp. 10-11). Daniels also failed to attach any copies of any process, pleadings or orders served on her in the Superior Court action.  In that regard, Daniels also neglected to disclose when the Superior Court action was served on her. (See generally Dkt. Sheet).

The Superior Court's docket sheet reflects that the unlawful detainer proceeding was filed on December 6, 2007, and Daniels filed a general denial on December 31, 2007.  The instant federal action was not filed until February 11, 2008, four days after the Superior Court trial, and more than 30 days after Daniels filed her denial. The petition for removal is untimely because it was filed more than 30 days after Daniels responded to the unlawful detainer complaint.

///

///

9

1           (2) <u>The unlawful detainer action is not removable based on diversity jurisdiction</u>

2       The petition for removal fails to allege legitimate grounds for removal jurisdiction.  The

3 petition alleges there is diversity and federal question jurisdiction.  As grounds for diversity

4 jurisdiction, the petition alleges only that  "diversity of citizenship exists between the parties." (Doc.

5 1, p. 10, lines 17-18).  The petition fails to allege facts to support that conclusion.  The removal

6 statute provides in relevant part that any action based on diversity of citizenship "shall be removable

7 only if none of the parties in interest properly joined and served as defendants is a citizen of the State

8 in which such action is brought." 28 U.S.C. § 1441(b).  Daniels is a defendant in the Superior Court

9 action, and has alleged in her federal court complaint that she is a resident of California and

10 describes the foreclosed property as her home and residence. (Doc. 1, p. 1, lines 27-28; p. 5, lines 13-

11 16, 22-28; p. 6, lines 10-12; p. 7, line 26).  The Superior Court action is not removable for diversity

12 because Daniels is a citizen of California and a defendant in the state court action.

13           (3) <u>The unlawful detainer action is not removable based on federal question jurisdiction</u>

14       The petition for removal alleges that federal jurisdiction exists because the Defendants "are

15 acting as banks," and relies upon the same paraphrased version of 22 U.S. C. § 282f used as a basis

16 for federal question jurisdiction in the complaint. (Doc. 1, p. 10, lines 22-28; p. 11, line 10).  For the

17 reasons discussed in paragraph 1(A)(2), <u>supra</u>, the reliance on 22 U.S.C. § 282f  to provide removal

18 jurisdiction is likewise without merit.

19 C. <u>Conclusion</u>

20       After reviewing the complaint, the Court concludes that Daniels has failed to state a claim

21 upon which relief can be granted.  The complaint reflects jurisdictional deficiencies and immunities

22 that cannot be cured by amendment. It is obvious that Daniels cannot prevail on the facts that she has

23 alleged, and it would be futile to provide an opportunity to amend.

24       The requirements of 28 U.S.C. § 1446 (a) and (b) can be waived with respect to removal of a

25 state court action to federal court. However, in light of  Daniels' abject failure to comply with the

26 statute's procedural requirements, and the untimeliness of the petition for removal, the statutory

27 requirements should not be waived.  The petition for removal should be denied.

28

1

## RECOMMENDATIONS

2        Based on the foregoing, the Court recommends that:

3        1.  The complaint (Doc. 1) be DISMISSED, with prejudice, for failure to state a claim; and

4        2.  The petition for removal (Doc. 1, pp. 10-11) be DENIED for failure to comply with

5  28 U.S.C. § 1446.

6        These Findings and Recommendations are submitted to the United States District Judge

7  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

8  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

9  fifteen (15) days after being served with a copy, any party may file written objections with the Court

10  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

11  Judge's Findings and Recommendations."   Replies to the objections shall be filed within ten court

12  days (plus three days if served by mail) after service of the objections. The District Judge will then

13  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections

14  within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst,

15  951 F.2d 1153 (9th Cir. 1991).

16

17  IT IS SO ORDERED.

18  Dated:  __March 5, 2008__                 __/s/ Theresa A. Goldner__

19  _____                              UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

11